A95A1504. EVA PENDLEY REALTY, INC. v. BAGLEY et al.

(464 SE2d 850)

McMURRAY, Presiding Judge.

Troy Preston Bagley and Evelyn Bagley brought an action against defendants Eva Pendley Realty, Inc. ("Pendley"), David Bagley and Karl Kandell, seeking (in pertinent part) to set aside a lien on certain real property filed by Pendley under Georgia's Commercial Real Estate Broker Lien Act, OCGA § 44-14-600 et seq. Defendants denied the material allegations of the complaint, and Pendley counterclaimed, alleging the Bagleys breached an agreement to pay its sales agent, David Bagley, a commission for procuring a buyer for their real property. The Bagleys later filed a motion for partial summary judgment, asserting Pendley is not entitled to a lien under OCGA § 44-14-600 et seq. because "said Code Section [requires] a writing signed by the owner evidencing a listing agreement or an agreement to convey an interest in real estate [and they] never entered a written agreement of any type with Defendants."

This appeal followed an order granting the Bagleys' motion for partial summary judgment and setting aside Pendley's lien. *Held*:

According to OCGA § 44-14-602 (a), two conditions must be satisfied before "[a]ny real estate broker who is not an employee or independent contractor of another real estate broker shall have a lien, in the amount of the compensation agreed upon by and between the broker and the landlord or seller or other client or customer, upon commercial real estate or any interest in commercial real estate." The first condition is set out in subsection (a) (1) of the statute and provides that the listing broker's rights must "[arise] out of a listing agreement or any other agreement for the management, sale, or lease of or otherwise conveying any interest in the commercial real estate *as evidenced by a writing signed by the owner or its expressly authorized agent* and with written notice to the party whose property may be liened, if different from the parties to the agreement." (Emphasis supplied.) OCGA § 44-14-602 (a) (1).

In the case sub judice, it is undisputed that Pendley does not have a written listing agreement with the Bagleys as required by OCGA § 44-14-602 (a) (1). Nonetheless, defendants contend that an advertising brochure entitled, "PROPERTY INFORMATION," which bears the Bagleys' signatures and includes the language — "I want 15,000 net to me per [acre] base 83 aprox" — constitutes a written listing agreement as required by subsection (a) (1). We do not agree as this brochure does not provide Pendley with the right to procure a buyer and receive a commission for the sale of the Bagleys' realty. Consequently, the trial court did not err in granting the Bagleys' motion for partial summary judgment and setting aside Pendley's lien.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 29, 1995 —

*Gibson, Deal, Fletcher & Prebula, John W. Gibson,* for appellant.

*Stewart, Melvin & Frost, Frank Armstrong III,* for appellees.